NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 230013-U

NO. 4-23-0013

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 22, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| WILLIE WALTON, | ) | No. 17CF2928 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Randy Wilt, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Cavanagh and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court granted the Office of the State Appellate Defender's motion to
withdraw, vacated the trial court's judgment, and dismissed defendant's motion
for a *nunc pro tunc* order.

¶ 2    The trial court sentenced defendant, Willie Walton, to two terms of 12 ½ years

and 5 years in prison, to run concurrently, with 973 days of sentencing credit. Defendant filed a

motion seeking additional sentencing credit, which the court denied. Defendant appealed, and the

Office of the State Appellate Defender (OSAD) was appointed to represent him. OSAD now

moves to withdraw as counsel on appeal on the grounds no meritorious argument can be raised in

this case.

¶ 3    For the following reasons, we grant the motion to withdraw, vacate the trial

court's order, and dismiss the motion for a *nunc pro tunc* order.

¶ 4                                I. BACKGROUND

¶ 5 On December 1, 2017, defendant was arrested in Winnebago County on an outstanding warrant. Later that month, a grand jury indicted defendant on four felony counts in Winnebago County case No. 17-CF-2928. In January 2018, the State charged defendant with five counts in Winnebago County case No. 18-CF-91. In October 2018, the State charged defendant with six counts in Winnebago County case No. 18-CF-2530.

¶ 6 On September 8, 2020, the parties resolved all three cases through a fully negotiated plea agreement. Defendant agreed to plead guilty in case No. 18-CF-91 to second degree murder (720 ILCS 5/9-2 (West 2020)) and delivery of a controlled substance (720 ILCS 570/401(d)(iii) (West 2020)). In exchange, the State agreed to dismiss the remaining counts in case No. 18-CF-91 and all counts in case Nos. 17-CF-2928 and 18-CF-2530. The trial court confirmed the terms of the plea agreement, including defendant's pretrial incarceration credit.

"THE COURT: All right. [Defendant's] got 973 days' credit at $30 a day that applies towards fines, so that's $29,190, but that applies to fines only.

Defense filed a petition for waiver of the remaining court costs, at least, and I will sign that because his income is going to be below the— below 200 percent of the poverty level for the next several years at least.

Mr. Kougias, have I left out anything from your perspective so far?

MR. KOUGIAS [(ASSISTANT STATE'S ATTORNEY)]: Not to my knowledge, sir.

THE COURT: Mr. Perri, have I left out anything from your perspective so far?

MR. PERRI [(DEFENSE COUNSEL)]: No."

¶ 7        Neither defendant nor his counsel questioned the number of days credited to defendant for his pretrial incarceration. The trial court sentenced defendant to a 12 ½-year term for second degree murder and a 5-year term for delivery of a controlled substance, to run concurrently, with 973 days of sentencing credit.

¶ 8        In September 2022, defendant filed *pro se* a motion for a *nunc pro tunc* order in case No. 17-CF-2928. Defendant sought an additional 40 days of presentence credit, explaining he was first incarcerated on December 1, 2017, and not January 10, 2018. About a month later, defendant filed a second motion for a *nunc pro tunc* order, requesting the same relief.

¶ 9        On December 13, 2022, the trial court held a hearing and denied defendant's motion for a *nunc pro tunc* order. The court found although defendant was arrested in case No. 17-CF-2928, the State later agreed to dismiss the case as part of a disposition in another matter. Because defendant was not sentenced in case No. 17-CF-2928, the court concluded no sentencing credit could be granted to defendant. The court entered a written order denying defendant's motion.

¶ 10        On January 3, 2023, defendant filed a timely notice of appeal. On appeal, OSAD filed a motion for leave to withdraw as defendant's counsel and attached a memorandum of law. This court granted defendant leave to file a response to OSAD's motion to withdraw by May 5, 2023. Defendant did not do so.

¶ 11                                    II. ANALYSIS

¶ 12        OSAD indicates it has reviewed the record and concluded the appeal presents no potentially meritorious issues for review. Specifically, OSAD contends the trial court lacked jurisdiction to address the merits of defendant's motion for a *nunc pro tunc* order because the court did not enter a sentencing order in this case.

¶ 13 A trial court loses jurisdiction to review the substance of its final judgment 30 days after the entry of the final judgment. See Ill. S. Ct. R. 606(b) (eff. Mar. 21, 2021); see also *People v. Bailey*, 2014 IL 115459, ¶ 8. However, "if there is proper evidence of a clerical error, the court may use a *nunc pro tunc* order at any time to correct the mistake." *Peraino v. County of Winnebago*, 2018 IL App (2d) 170368, ¶ 16.

¶ 14 " 'The purpose of a *nunc pro tunc* order is to make the present record correspond with what the court actually decided in the past.' " *People v. Coleman*, 2017 IL App (4th) 160770, ¶ 22 (quoting *People v. White*, 357 Ill. App. 3d 1070, 1072 (2005)). The use of a *nunc pro tunc* order is limited to incorporating into the record something the trial court has in fact done but was inadvertently omitted due to a clerical error. *People v. Melchor*, 226 Ill. 2d 24, 32 (2007). "It may not be used for supplying omitted judicial action, or correcting judicial errors under the pretense of correcting clerical errors." *Id.* at 32-33.

¶ 15 A " 'simple error in arithmetic' " is one kind of clerical error correctable by a *nunc pro tunc* order. *Coleman*, 2017 IL App (4th) 160770, ¶ 22 (quoting *People v. Nelson*, 2016 IL App (4th) 140168, ¶ 39). For example, where a trial court finds a defendant is entitled to sentencing credit from a specified date but then misstates the number of credited days, the court has made a clerical error. *Id.* But "[i]f the trial court decides that defendant is entitled to presentence credit from [a specified date] onward, that decision is not correctable by a *nunc pro tunc* order." *Id.* We review *de novo* whether an order satisfies the legal criteria for a *nunc pro tunc* order. *People v. Meritt*, 395 Ill. App. 3d 169, 178 (2009).

¶ 16 Here, defendant seeks an additional 40 days of presentence credit in case No. 17-CF-2928, but defendant was never sentenced in case No. 17-CF-2928. Under the fully negotiated plea agreement, the trial court dismissed all counts in case No. 17-CF-2928 and

- 4 -

sentenced defendant in case No. 18-CF-91. With no sentencing order to correct in case No. 17-CF-2928, defendant's motion does not satisfy the legal criteria for a valid motion for a *nunc pro tunc* order.

¶ 17    Even if defendant filed a valid motion for a *nunc pro tunc* order in case No. 18-CF-91, he still must show the error was a clerical and not a judicial error. A judicial error is "a failure to follow the law, whether it be the law of the case or some other law." *Coleman*, 2017 IL App (4th) 160770, ¶ 23. Here, the trial court's sentence provided defendant with 973 days of pretrial incarceration credit. Defendant never sought to clarify how the court calculated 973 days of sentencing credit, and the court made no finding as to the first day of defendant's incarceration. We cannot conclude the court made a simple error in arithmetic.

¶ 18    At the plea hearing, the trial court accepted defendant's fully negotiated plea, in which defendant and his counsel agreed to 973 days of sentencing credit without comment or question. The court entered the sentence as agreed. Any perceived judicial error in entering the agreed judgment cannot be corrected by a *nunc pro tunc* order.

¶ 19    Because we have no authority to rule on the substantive merits of a judgment entered by a trial court without jurisdiction, this court "is limited to considering the issue of jurisdiction below." *Bailey*, 2014 IL 115459, ¶ 29. When a trial court lacks jurisdiction to address the merits of a defendant's motion, the reviewing court should vacate the trial court's judgment and order the defendant's motion to be dismissed. *Id.* Because no sentencing order was entered in this case, the trial court lacked jurisdiction to address defendant's motion.

¶ 20    Accordingly, we vacate the trial court's December 13, 2022, order denying defendant's motion. We further dismiss defendant's motion for a *nunc pro tunc* order.

¶ 21        OSAD notes defendant could seek sentencing credit through filing an Illinois Supreme Court Rule 472 (eff. May 17, 2019) motion in case No. 18-CF-91, the case where defendant was sentenced. Because this issue is not before this court, we do not address the merits of such a motion.

¶ 22                                III. CONCLUSION

¶ 23        For the reasons stated, we grant OSAD's motion to withdraw as counsel on appeal, vacate the trial court's order, and dismiss defendant's motion for a *nunc pro tunc* order.

¶ 24        Vacated.